IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUB INTERNATIONAL OF CALIFORNIA INSURANCE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL KILZER, <br><br> Defendant. | No. C-06-5227 MMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MICHAEL KILZER'S MOTION TO DISSOLVE OR, ALTERNATIVELY, CLARIFY PRELIMINARY INJUNCTION; VACATING HEARING** <br><br> (Docket No. 40) |

    Before the Court is defendant Michael Kilzer's ("Kilzer") "Motion to Dissolve or, in the Alternative, to Clarify, Preliminary Injunction," filed May 10, 2007. Plaintiff Hub International of California Insurance Services, Inc. ("Hub") has filed opposition to the motion; Kilzer has filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), hereby VACATES the May 25, 2007 hearing, and rules as follows.[1]

    For the reasons set forth by Hub in its opposition, Kilzer has not demonstrated that the preliminary injunction the Court entered against Kilzer on September 12, 2006 should be vacated. Accordingly, to the extent Kilzer seeks an order dissolving the injunction, the motion is hereby DENIED.

---

[1] On May 14, 2007, the Court granted Kilzer's motion for an order shortening time.

Kilzer has demonstrated, however, that the preliminary injunction is not in compliance with Rule 65(d) of the Federal Rules of Civil Procedure, because it incorporates by reference the definition of "Contractor Prospects" and "Food Prospects" set forth in the complaint. Rule 65(d) expressly requires an injunction to "describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." See Fed. R. Civ. P. 65(d).

Accordingly, to the extent Kilzer seeks clarification of the preliminary injunction, the motion is hereby GRANTED, and Hub is hereby ORDERED to file, no later than June 8, 2007, a proposed amended preliminary injunction containing either (1) any definition of "Contractor Prospects" and "Food Prospects" upon which Hub and Kilzer can agree, or (2) the following definitions of such terms, which definitions are based upon the allegations of the complaint, (see Compl. ¶¶ 12-13):

> The term "Contractor Prospects" is hereby defined as (1) any Bay Area roofer, developed by Kilzer as a prospect during his employment with Hub, that had, as of July 31, 2006, 40 or more employees and annualized compensation rates in the range of $300,000 on the low end to $2,500,000 on the high end, and (2) any building contractor other than a roofer developed by Kilzer as a prospect during his employment with Hub.

> The term "Food Prospects" is hereby defined as any food processing entity developed by Kilzer as a prospect, during his employment with Hub, as a result of Kilzer's cross-marketing/referral relationship with an accounting professional.

Kilzer has not demonstrated that the preliminary injunction must be clarified in any other respect. Accordingly, other than including the above-referenced definitions, Hub shall not make any changes to the preliminary injunction issued on September 12, 2006.

This order terminates Docket No. 40.

**IT IS SO ORDERED.**

Dated: May 24, 2007

　　　　　　　　　　　　　　　　　　　　　　　　MAXINE M. CHESNEY
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

2